Argued and submitted May 6, at Pendleton, Oregon, affirmed as modified
August 3, 1988

In the Matter of the Marriage of

**MELANDER,**
*Appellant,*

*and*

**MELANDER,**
*Respondent.*

(87-01-0005 DO; CA A46500)

758 P2d 415

David B. Hydes, John Day, argued the cause and filed the brief for appellant.

Milo Pope, Mt. Vernon, argued the cause for respondent. With him on the brief was Kilpatricks & Pope, Mt. Vernon.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

**RIGGS, J., pro tempore.**

■ The issue in this dissolution is whether the trial court correctly intended to divide the parties' assets equally and, if so, whether it succeeded. We conclude that it did intend an equal division and that such a division would be appropriate. However, primarily because of a mistake in the valuation of husband's business, the court in fact awarded wife considerably more than half of the assets. We therefore modify the award.

Husband and wife are both in their fifties. They began living together in 1979 and were married in 1980. The petition for dissolution was filed in January, 1987, and the trial occurred in July. During the marriage the parties established a business which manufactured bullet molds and later also began producing small computers and computer programs. This business was the culmination of many years of husband's efforts and relied on his particular skills. It has proved successful. Husband is the "key man" and is essential for the continued success of the business.

Before trial, the parties jointly engaged an appraisal of the business. The appraisal placed its book value at $159,014 and its cash flow capitalization value at $191,144. The business is incorporated, but husband and wife jointly own the building that it uses; the corporation has no interest in it. The book value appraisal included the value of that building, while the cash flow valuation involved adding back the rentals which the business paid for the use of the building. Each method, thus, took the building's value into account in determining the total value of the business.

The court awarded the parties' home and the business building to wife. It awarded the corporate stock to husband, assigning it a value of $175,000. After awarding the remaining, less valuable assets, the court determined that the total value of husband's share was $189,500 and that the total amount awarded wife was $109,500.[1] The court then awarded

---

[1] The court made an error in addition, and the total awarded husband was actually $191,500. Because we modify the judgment, that error is irrelevant to our decision.

wife a judgment for $80,000 in an apparent attempt to equalize the property distribution.[2]

The major difficulty with the court's distribution is that it apparently included the value of the business building, which it awarded wife, in determining the value of the corporate stock, which it awarded husband. The independent appraisal suggested a value for the business of $175,000 (the mid-point of the book and cash flow values), *including the building.* The court seems to have included the building twice in its property division, crediting wife's account with $75,000 for its value and including it again in the $175,000 that it credited husband for the value of the corporate stock.

Wife supports the court's award on the ground that she testified that the business is worth $315,000 and that, in her view, the court did not intend an equal division. Her testimony was based on what someone whom she did not call as a witness had told her. She made no specific criticisms of the appraiser's report, except to suggest, without proof, that husband had "cooked" the books. Even if the trial court gave some weight to her testimony, which we doubt, we decline to do so on *de novo* review. The neutral accountant's opinion is more valuable than the unsupported, and probably wishful, opinion of wife. We therefore modify the judgment to achieve an equal division.

■    The trial court's valuation of the corporate stock, after subtracting $75,000, the agreed value of the building, was $100,000. However, we believe that the cash flow capitalization method is likely to give a more accurate estimate of the value of this going and successful business than is the book value, and we therefore revise the trial court's valuation to $191,144, less the $75,000, for a net value of $116,144. Keeping the other values as the trial court determined them, and maintaining the trial court's division of the assets, we determine that husband has received $132,644 and that wife has received $109,500. The difference is $27,144, and we therefore reduce

---

[2] The equalizing judgment should, in fact, have been $40,000, because the court failed to deduct from husband what it awarded wife. Because we modify the judgment on other grounds, that error is irrelevant to our decision. Husband assigns other errors concerning the court's characterization of certain payments he received from the business and its determination of the value of the parties' home. We agree with the court's conclusions in those respects.

the equalizing judgment to $13,572. The trial court ordered that the judgment be paid, with nine percent interest, over 12 years. Because we have reduced the amount of the judgment, we also reduce the amortization period to two years.

Judgment modified to reduce judgment awarded wife to $13,572, to be paid in equal monthly installments, including 9 percent interest, over two years beginning on the first day of the first month after the effective date of the appellate judgment; affirmed as modified. Costs to husband.